UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

-against-                               **MEMORANDUM AND ORDER**
                                                    No. 06-CV-6341 (FB) (VVP)

EMIL THOMPSON,

                Defendant.
----------------------------------------------------------------x

*Appearances:*
For the Plaintiff:
LISA L. BELLAMY, ESQ.
U.S. Department of Justice Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

For the Defendant:
EMIL THOMPSON, *pro se*
1700 S.E. 15th Street, Apt. #105
Fort Lauderdale, FL 33316

**BLOCK, Senior District Judge:**

On April 3, 2007, the Clerk of the Court made an entry of default. Pending before the Court is the *pro se* defendant's "Request to Dismiss All Actions Against Defendant," Docket Entry # 7 (filed June 3, 2007), on the ground that the plaintiff ("the IRS") initiated this tax collection proceeding after the statute of limitations expired. The Court construes the motion as one to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c). Also pending are the IRS's motions for a default judgment and reconsideration of a Miscellaneous Order entered by Judge Vitaliano on September 5, 2007, enjoining the IRS from selling property seized from defendant pending resolution of defendant's motion.

I.

"For good cause shown the court may set aside an entry of default." Fed. R.

Civ. P. 55(c). Factors to be assessed in determining whether good cause exist are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Here, whether good cause to set aside the entry of default exists turns on whether the statute of limitations defense is a "meritorious defense."[1] In order to proffer a "meritorious defense," a "defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil*, 10 F.3d at 98. The test is "whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.*

## A. Statute of Limitations

The statute of limitations for tax collection proceedings is "10 years after the assessment of the tax," 26 U.S.C. § 6502(a)(1); however, the period is tolled when the IRS is prohibited "from collecting by levy ... and for 60 days thereafter." 26 U.S.C. § 6503(a)(1). The IRS is prohibited from collecting by levy when, *inter alia*, an offer in compromise is pending. *See* 26 U.S.C. § 6331(k)(1) (prohibiting levy during pendency of an offer in

---

[1]The default was not willful on defendant's part because he believed the case was "dormant due to the statues [sic] of limitations," Docket Entry # 7; *cf. New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005) ("[W]illfulness in the context of a ... default requires something more than mere negligence."); *Enron Oil*, 10 F.3d at 98 ("[A]ll doubts must be resolved in favor of trial on the merits."); furthermore, the IRS would not be prejudiced by setting aside the clerk's entry of default because "delay standing alone does not establish prejudice," *Enron Oil*, 10 F.3d at 98, and the IRS has not asserted any potential prejudice other than delay.

compromise and 30 days following rejection of such offer).[2]

The complaint was filed on November 29, 2006. The assessment which the IRS seeks to enforce was made against defendant on September 11, 1995; therefore, without tolling, the complaint would have been untimely because the limitations period would have expired on September 11, 2005. However, the IRS alleges in its complaint that an offer in compromise was pending from February 25, 2004 until May 14, 2005, a period of 444 days, which is confirmed by an "account transcript" submitted by the IRS. Based on this, the statute of limitations did not expire until November 29, 2006; therefore, the complaint was timely filed on that date.[3]

Defendant argues, however, that the complaint was not timely filed because the compromise period ended on December 15, 2004, not May 14, 2005, as the IRS alleges. He relies on a letter from the IRS dated December 15, 2004, stating that defendant's "offered amount of $500 cannot be recommended for acceptance." Docket Entry # 19, Ex. 2. The letter also states that:

> [i]f you agree to increase your offer to [$118,071, defendant's net equity in assets], please sign and return the enclosed [form] by 01/15/2005. . . . If you do not wish to increase your offer, you can withdraw the offer by signing the enclosed statement and returning it by the above deadline. Failure to increase or withdraw your offer will result in your current offer of $500 being *recommended* for rejection. You will receive separate notification with your right to

---

[2]There is an apparent tension between the additional 60 days provided in 26 U.S.C. § 6503(a)(1) and 30 days provided in 26 U.S.C. § 6331(k)(1); however, for reasons explained *infra*, the Court need not resolve the tension.

[3]This does not even account for the additional thirty and/or sixty days of tolling provided by 26 U.S.C. § 6331(k)(1) and 26 U.S. C. § 6503(a)(1) respectively.

appeal.

*Id.* (emphasis added). Defendant's reliance on this letter is misplaced; under the regulations, the letter does not signify rejection of the offer in compromise because it did not advise defendant of rejection or the right to appeal. *See* 26 C.F.R. § 301.7122-1(f) ("An offer to compromise has not been rejected until the IRS issues a written notice to the taxpayer or his representative, advising of the rejection, the reason(s) for rejection, and the right to an appeal."). Thus, defendant's argument that the compromise period ended December 15, 2004 does not establish a meritorious statute of limitations defense.

### B. Equitable Estoppel

Construing defendant's motion liberally, the Court also considers whether the IRS should be equitably estopped from pursuing this action because of two statements allegedly made by IRS representatives to defendant: (1) that on November 10, 2006, defendant and his accountant were told in a telephone conversation that the statutes of limitations expired on November 6, 2006, *see* Docket Entry # 7; and (2) that upon being served the complaint in January of 2007, defendant "called the IRS . . . [and] [t]he person [he] spoke with . . . reconfirmed to [him] that [his] case was dormant due to the statues [sic] of limitations." *Id.*

"[T]he Supreme Court has thus far declined to adopt a rule that the United States or its agencies may never in any circumstances be estopped; but it has made clear that the Government may not be estopped on the same terms as any other litigant because when the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of

law is undermined." *In re Becker*, 407 F.3d 89, 99 (2d Cir. 2005) (quoting *Heckler v. Community Health Services of Crawford County, Inc.* ("*Community Health Services*"), 467 U.S. 51, 60 (1984); quotation marks and alteration omitted). Therefore, "assuming estoppel can ever be appropriately applied against the Government, . . . a private party surely cannot prevail on such an estoppel claim without at least demonstrating that the traditional elements of an estoppel are present." *Id.* (quoting *Community Health Services*, 467 U.S. at 66, 61; citations and quotation marks omitted). "The three elements defendant[] must establish to invoke equitable estoppel are[:] (1) a misrepresentation by the plaintiff, (2) reasonable reliance by defendant, and (3) prejudice." *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 326 (2d Cir. 2004).

There is no need to determine whether the IRS in fact made misrepresentations to defendant because assuming, *arguendo*, that it did, there can be no estoppel as a matter of law because defendant has not shown that he is "significantly worse off than if [the government had never made its misrepresentation]," *see Community Health Services*, 467 U.S. at 61-62; the complaint was timely filed and the alleged misrepresentations have not prevented defendant from attempting to mount a defense. *Cf. Becker*, 407 F.3d at 101 (holding that an IRS assessment, which was initially timely but abated in error, may be reinstated after limitations period expired "where the person against whom the assessment has been reinstated has failed to show reasonable and detrimental reliance"). Thus, defendant's equitable estoppel argument does not establish a meritorious defense.

Because defendant has not demonstrated good cause to set aside the clerk's

entry of default, and the complaint states a valid cause of action, the IRS's motion for entry of default judgment is granted.

## II.

Once the IRS has made an assessment and the taxpayer "neglects or refuses to pay," the IRS may 'collect such tax ... by levy upon all property and rights to property ... belonging to such person." 26 U.S.C. § 6331(a). "The term 'levy' ... includes the power of distraint and seizure by any means," and the IRS "may seize and sell such property or rights to property." 26 U.S.C. § 6331(b). Written notice of a levy must be given "no less than 30 days before the day of the levy." 26 U.S.C. § 6331(d)(2). That a court has not entered a judgment regarding the unpaid taxes does not impinge upon the IRS's power to levy. *See Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) (holding that levy is not affected by taxpayer disputing the validity of the underlying tax assessment).

Further, the Anti-Injunction Act provides that, except for statutorily exempt actions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C.A. § 7421(a). The Supreme Court has created two judicial exceptions to the Anti-Injunction Act: (1) where " the taxpayer [a] was certain to succeed on the merits, and [b] could demonstrate that collection would cause him irreparable harm," *South Carolina v. Regan*, 465 U.S. 367, 374 (1984), and (2) where "Congress did not prescribe an alternative remedy for the plaintiff," *id.* at 381.

This case does not fall within any of the statutory exceptions. *See* 26 U.S.C. § 6015(e) (Tax Court review of claims for relief from joint and several liability on joint returns); 26 U.S.C. § 6212(a) and (c) (Tax Court review of assessments based on deficiencies

in respect to income taxes, estate and gift taxes, taxes of public charities, private foundations and benefit trust taxes, and taxes on qualified pension and investment plans); 26 U.S.C. § 6213(a) (petitions for Tax Court redetermination of a deficiency), 26 U.S.C. § 6225(b) (Tax Court's jurisdiction to enjoin premature actions); 26 U.S.C. § 6246(b) (same); 26 U.S.C. § 6330(e)(1) (Tax Court jurisdiction to enjoin levy proceedings where taxpayer has sought a hearing before the IRS Office of Appeals); 26 U.S.C. § 6331(i) (prohibiting levies during pendency of proceedings for refund of divisible taxes); 26 U.S.C. § 6672(c) (prohibiting levies where a bond has been furnished); 26 U.S.C. § 6694(c) (levies against tax return preparers who understate liability or disregard rules and regulations); 26 U.S.C. § 7426(a) and (b)(1) (claims of persons, other than the deficient taxpayer, who have an interest in levied property); 26 U.S.C. § 7429(b) (judicial review of assessment where administrative review has been exhausted); 26 U.S.C. § 7436 (proceedings relating to determination of whether individuals are employees of an audited taxpayer).

Further, neither of the judicial exceptions apply. The first exception does not apply because defendant is not "certain to succeed on the merits," *Regan*, 465 U.S. at 374; indeed, he has not even attempted to challenge the amount of the 1995 assessment. The second exception does not apply because Congress has prescribed an alternative remedy. *See, e.g.*, 26 U.S.C. § 6672(c) (allowing judicial challenge to assessment if within 30 days of the assessment if the taxpayer: (1) pays a portion of the assessment, (2) files a claim for refund of the amount paid, and (3) furnishes a bond). Thus, the Court is without power to enjoin the IRS from selling defendant's property at auction.

### Conclusion

Defendant's motion to vacate is denied. The IRS's motions for entry of

7

default judgment and reconsideration are granted and the September 5, 2007 Miscellaneous Order enjoining the sale of defendant's property is vacated. The matter is referred to the assigned magistrate judge for the assessment of damages.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 29, 2007