ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

-against-                          **MEMORANDUM AND ORDER**
                                         No. 06-CV-6341 (FB) (VVP)

EMIL THOMPSON,

                Defendant.
------------------------------------------------------------x

*Appearances:*
For the Plaintiff:                            For the Defendant:
LISA L. BELLAMY, ESQ.              DANIEL C. MAROTTA, ESQ.
U.S. Department of Justice Tax Division  Gabor & Marotta
Civil Trial Section, Northern Region      1878 Victory Boulevard
P.O. Box 55                                    Staten Island, NY 10314
Ben Franklin Station
Washington, DC 20044

**BLOCK, Senior District Judge:**

        Before the Court is defendant's motion, pursuant to Local Civil Rule 6.3, for reconsideration of a Memorandum and Order dated November 30, 2007 (the "M&O") which denied defendant's motion to vacate entry of default, granted the IRS's motion for default judgment, lifted an order enjoining the sale of defendant's property, and referred this matter to Magistrate Judge Pohorelsky for an assessment of damages; familiarity with the M&O is presumed. At the time the M&O was issued, defendant was proceeding *pro se*; however, he has retained counsel to make the instant motion.

        A motion for reconsideration must set forth "the matters or controlling decisions which counsel believes the court has overlooked," Local Civ. R. 6.3, and "will generally be denied unless the moving party can point to . . . matters . . . that might

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000).

In its motion, defendant primarily rehashes arguments rejected in the M&O; for the reasons explained in the M&O, those arguments are unavailing.

Defendant's new argument – that he has a meritorious defense because the offer in compromise period began on April 2, 2004, and not, as alleged by the IRS, on February 25, 2004 – is equally unavailing. In support of this argument, defendant relies on a letter dated April 2, 2004, which begins, "We have received your offer in compromise and determined we can process it." Docket Entry #9 at 3. This reliance is misplaced because the letter has no probative value as to when the IRS actually received the offer in compromise; the letter is merely evidence that the IRS received the offer in compromise sometime prior to April 2, 2004. Thus, the letter does not establish a meritorious defense. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) ("A defendant seeking to vacate an entry of default must present *some evidence beyond conclusory denials* to support his defense." (emphasis added)).

The Court notes that defendant's contention that the M&O "did not specifically acknowledge the *pro se* status of defendant," Docket Entry # 27 at 2, is not true because the M&O *does* acknowledge the defendant's pro se status. *See, e.g.*, M&O at 1 ("Pending before the Court is the pro se defendant's . . . ."), 4 ("Construing defendant's

2

motion liberally...."). Contrary to defendant's suggestion, *Enron Oil* does not require the Court to vacate an entry of default against all *pro se* defendants; rather, *Enron Oil* merely provides *pro se* litigants "extra leeway in meeting the procedural rules governing litigation" and counsels courts to "sparingly" grant default judgment against *pro se* defendants. 10 F.3d at 96. Default judgment here is warranted because defendant — both while proceeding *pro se* and after retaining counsel — has not presented a meritorious defense supported by evidence beyond conclusory denials. *See id* at 98.

**Conclusion**

For the reasons stated above and in the M&O, defendant's motion for reconsideration is denied.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 3, 2008