UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,

                              Plaintiff,

                                                              **REPORT AND RECOMMENDATION**

          - v -
                                                              06 CV 6341 (FB) (VVP)
EMIL THOMPSON,

                              Defendants.
--------------------------------------------------------x
POHORELSKY, Magistrate Judge:

          This matter was referred by the Honorable Frederic Block to the undersigned for a Report

and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), regarding the amount of damages,

including unpaid trust fund recovery penalty, interest, and costs, to be awarded to the plaintiff,

the United States, as against the defaulting defendant, Emil Thompson.  The defendant was

responsible under the Internal Revenue Code to pay withholding taxes with respect to employees

of EJT Construction and Excavation Company ("EJT").  The defendant has opposed the

damages sought by restating his statute of limitations and estoppel defenses to the underlying

claim, without addressing the issues of damages and the amounts owed.[1]  For the reasons below,

the undersigned respectfully recommends that damages be awarded to the government in the

amounts set forth below.

                              **BACKGROUND**

          On September 11, 1995, a delegate of the Secretary of the Treasury made an assessment

against the defendant, pursuant to 26 U.S.C. § 6672, for an unpaid trust fund recovery penalty in

---

[1]Judge Block considered and rejected these defenses when the defendant submitted an opposition
to the government's motion for default judgment.  (*See* November 30, 2007 Memorandum and Order,
Dkt. Entry 21.)  As the defenses do not concern the calculation of damages, they need not be discussed
again here.

the amount of $82,383.20. (Compl. ¶3.) As a result, a delegate of the Secretary of the Treasury gave notice to the defendant of the assessment, and made a demand for payment of the assessed penalty. (Compl. ¶ 4.) The parties began to negotiate, and the IRS received a compromise offer of $500 from the defendant on February 24, 2004. (Ans. to Pls. Mot. to Vac. Misc. Order of Sep. 4, 2007, Dkt. Entry 20, Attach. 1.) This offer in compromise was pending for 325 days, until May 14, 2005, when it was rejected by the IRS. (*Id*.) Subsequently, the defendant failed to pay the assessed penalty. As of November 29, 2006, the assessed accrued interest on the penalty was $103,215.47, resulting in total liability of $185,598.67. (Compl. ¶5.) The IRS referred the penalty and interest to the Department of Justice for tax collection. On February 12, 2008 the defendant's total liability was reduced by $55,550.00, due to the application of a payment representing the proceeds from the sale of the defendant's interest in real property located at 4 Benet Drive, Morganville, New Jersey. (United States's Suppl. Mem. of Law in Supp. of Damages, Dkt. Entry 32, 1.) The government asserts that as of February 12, 2008 the defendant's total liability, including interest, was $148,716.50, and that interest continues to accrue until payment is made. (*Id.*) Additionally, the government seeks to recover the costs of this action.

## DISCUSSION

The government's submissions have established that the defendant is liable for his failure to pay EJT's employee taxes. The issue posed by the government's instant motion is the amount of the penalty, interest, and costs to be awarded.

I.    <u>AMOUNT OF PENALTY</u>

As to the principal penalty of $82,383.20, the government has provided sufficient support to show the defendant incurred such a penalty pursuant to 26 U.S.C. § 6672.  Assessments made by the IRS are "presumed to be correct and it is the taxpayer who must rebut this presumption." *Curley v. United States*, 791 F. Supp. 52, 54 (E.D.N.Y. 1992); *see also United States. v. Schroeder*, 900 F.2d 1144, 1148 (7th. Cir. 1990); *Ruth v. United States,* 823 F.2d 1091, 1093 (7th Cir. 1987).  "In general, courts will not look behind an assessment to evaluate the procedure and evidence used" so long as the assessment is not shown to be "without rational foundation or arbitrary and erroneous." *Ruth*, 823 F.2d at 1094.  The presumption may also be overcome "by a showing that the assessment was computed in an incorrect manner." *Schroeder*, 900 F.2d at 1147.  As the defendant has not presented the court with any evidence pertaining to the amount of the assessed penalty, and has made no allegations that the assessment was calculated incorrectly or arbitrarily, the presumption that the amount is correct has not been defeated.

II.    <u>INTEREST</u>

There is also a clear statutory basis for an award of interest on the penalty.  Interest on a penalty imposed pursuant to 26 U.S.C. § 6672 accrues by operation of statute.  *See Schroeder*, 900 F.2d at 1150; *United States v. Mazzeo*, 306 F. Supp. 2d 294 (E.D.N.Y. 2004); *see also* 26 U.S.C. §§ 6601(e)(2), 6621; 28 U.S.C. § 1961(c)(1).  Under 26 U.S.C. § 6601(e)(2), interest on penalties "shall be imposed . . . from the date of the notice and demand."  The rate of interest on a 26 U.S.C. § 6672 penalty is the sum of "the Federal short-term rate . . . plus . . . 3 percentage points," determined quarterly.  26 U.S.C. § 6621(a)(2)(A), (B).  This adjusted rate is "published

by the Commissioner in a Revenue Ruling" and "accrues at the prescribed rate per annum compounded daily." 26 C.F.R. 301.6621-1; *see also* 26 C.F.R. 301.6622-1.

As notice and demand for payment here was made on September 11, 1995, the government asserts that interest accrued on the penalty from that date. Although the government has provided figures for total amounts of interest that they contend are due, they have not enclosed any chart reflecting the computations that reach those amounts or any other explanation for how the amounts were calculated. While "the amount [of interest] owed is a matter of law, not of evidence," and "is not something the government must prove," *Schroeder*, 900 F.2d at 1150, the court must nevertheless make findings that a factual basis for an award of damages exists. This requires some evaluation as to whether the assertions concerning the amount of interest are reasonably accurate computations taking into account the effective interest rates and the principal balance on which the interest rates are imposed.

The court has therefore done its own calculations to test the validity of the government's assertions concerning accrued interest. For the period from September 11, 1995 until November 29, 2006 the government contends the accrued interest totaled $103,215.47. (Randle Aff. of Debt, May 29, 2007, annexed to Pl. Mot. for Entry of Def. Judg., ¶ 3.). A review of Revenue Ruling 2008-47, which details the rates at which interest on this penalty should accrue, reveals that interest on tax underpayments ran at the highest rates in the years immediately following assessment of the penalty, alternating between 8% and 9% from September 1995 until January 1, 1999, at which point the rate dropped to 7% for one quarter. On April 1, 1999 the rate was set and stayed at 8% until the following year, when on April 1, 2000, the rate again climbed to 9%. Following this high mark, the rates were lower in the subsequent years, dropping to 4% in 2004,

before jumping again to 8% in the quarter preceding November 29, 2006. If the interest on the defendant's initial penalty is calculated at a consistent rate of 6%, compounded daily, the total amount of interest owed after eleven years[2] would have been $77,002.15. Interest accruing at a rate of 7% a year, compounded daily, amounts to $95,530.80 after eleven years. If the interest is calculated at a rate of 8%, compounded daily, the total amount of interest owed after eleven years would be $116,214.79. Interest accruing at 9% per annum after eleven years would be $139,301.71. These rough calculations of interest that would accrue at various interest rates demonstrates to the court's satisfactions that the government's assessment of $103,215.47 as the interest that accrued during the period in question is consistent with 26 U.S.C. § 6621 and the rates set forth by the Commissioner. Similarly, for the period from November 29, 2006 to February 12, 2008, during most of which the applicable interest rate was 8% per annum, the interest calculation by the government is consistent with the prescribed rates.[3]

The total amount owed to the IRS will only become known when the defendant pays his debt in full, as 26 U.S.C. § 6601(e)(2) further provides that interest on penalties accrues until "the date of payment." Thus an award for further interest on the $148,716.50, accruing at the rates determined by sections 6621 and 1961(c)(1) from February 12, 2008 until payment is made in full, is appropriate here as well.

---

[2]Eleven years is the approximate amount of elapsed time between notice and demand for payment, made on September 11, 1995 and November 29, 2006, when the government filed their complaint.

[3]As of November 29, 2006, the total liability was $185,598.67. After giving credit for the $55,550 by which the total liability was reduced on February 12, 2008, the government contends the total liability as of that date was $148,716.50, which means that an additional $18,667.83 in interest had accrued according to the government's calculations during the fourteen and a half months between November 29, 2006 and February 12, 2008. Interest on $185,598.67 compounded daily at 8% per annum for fourteen and a half months yields approximately $18,788.16.

III.    Costs

Finally, the government seeks to recover the costs of this action.  Costs should be allowed to the prevailing party in a civil action, and it is well established that the United States may recover costs in civil actions as if it were a private individual.  Fed. R. Civ. P. 54(d)(1); *Pine River Logging & Imp. Co. v. United States*, 186 U.S. 279 (1902).  The government shall, within 30 days after the entry of final judgment, file "a request to tax costs annexing a bill of costs" with the clerk, who will "proceed to tax costs at the time noticed and allow such items as are properly taxable."  Local Civ. R. 54.1; 28 U.S.C. § 1920.  Such a bill must be accompanied by an affidavit made by the prevailing party, asserting that the items are correctly assessed, necessarily incurred, and actually and necessarily performed in the case. 28 U.S.C. § 1924; Local Civ. R. 54.1(a).  So long as the government follows proper procedure, costs should be awarded in this action.

## CONCLUSION

For the foregoing reasons, the court respectfully recommends that the government be awarded: (1) a principal amount of $148,716.50 reflecting the initially assessed unpaid trust fund penalty plus interest accrued, reduced by the $55,550.00 sale of the defendant's real property interest; (2) interest upon the principal amount accruing pursuant to 26 U.S.C. § 6621 and 28 U.S.C. § 1961(c)(1), from February 12, 2008 until payment is made; and (3) taxable costs of this action, as submitted by the government to the clerk within 30 days after entry of final judgment.

*          *          *          *          *          *          *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of receipt of this report.  Failure to file

objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

 Respectfully submitted,

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
  November 21, 2008